IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **GEORGIA SOUTHERN & FLORIDA RAILWAY COMPANY,**<br><br>**Plaintiff,**<br><br>v.<br><br>**RTLR FARMS, INC.,**<br><br>**Defendant.** | Civil Action No: _____ |

## COMPLAINT FOR SPECIFIC PERFORMANCE AND DAMAGES

COMES NOW plaintiff Georgia Southern & Florida Railway Company and files its Complaint for Specific Performance and Damages against defendant RTLR Farms, Inc., showing the following:

1.

Plaintiff Georgia Southern & Florida Railway Company ("GS&F") is a Georgia corporation, a common carrier by rail in interstate commerce, and a subsidiary of its parent corporation, Norfolk Southern Railway Company ("Norfolk Southern"), which also is a common carrier by rail in interstate commerce. Plaintiff GS&F owns and operates a railroad corridor running generally in a north-south direction in Crisp County, Georgia, at or near Arabi, Georgia (the "Rail Corridor").

2.

Defendant RTLR Farms, Inc. ("RTLR Farms") is a Georgia corporation. Defendant RTLR Farms can be served with the complaint and summons in this action by personal service

upon its registered agent Raford P. Rogers at the registered office of the corporation, 706 W. 12th Street, Tifton, Georgia 31794.

3.

Defendant RTLR Farms is the owner of certain real property located in Land Lot 83 of the 13th Land District of Crisp County lying adjacent to the western border of the Rail Corridor.

4.

Plaintiff GS&F brings this complaint for specific performance and damages due to the failure and refusal of defendant RTLR Farms to comply with its contractual obligation to convey to GS&F an easement for ingress and egress upon and through the property of RTLR Farms pursuant to the terms of an Option Agreement that, upon the exercise of the option set forth therein, ripened into a binding agreement conveying an easement.

5.

This Court has jurisdiction over this action under 28 U.S.C. § 1331 because the Interstate Commerce Commission Termination Act ("ICCTA"), 49 U.S.C. §§ 10101, *et seq.*, confers upon the U.S. Surface Transportation Board the exclusive authority to regulate the construction, acquisition and operation of railroad side tracks and facilities and "rail transportation" as defined in ICCTA.  Because this matter concerns the construction of railroad infrastructure that will become part of the national railroad system and be used in interstate commerce, subject matter jurisdiction of this action is also provided by the Commerce Clause of the United States Constitution, Article I, Section 8.

6.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## COUNT I

### SPECIFIC PERFORMANCE OF CONTRACT

7.

Plaintiff GS&F incorporates by reference herein paragraphs 1-6 of its complaint.

8.

This action relates to and arises from a project to construct the extension of a side track, or siding (the "Siding"), owned by plaintiff GS&F at or near Arabi, Georgia and used in connection with the transportation of freight in interstate commerce (the "Project"). The Siding is located on the west side of plaintiff GS&F's main track within the Rail Corridor.

9.

The Project requires the acquisition of an easement for the construction of a road adjacent to the Rail Corridor to provide ingress and egress upon and through the property of defendant RTLR Farms.

10.

On January 14, 2022, defendant RTLR Farms, through its president Raford P. Rogers, entered into an Option Agreement (the "Option Agreement") granting to Norfolk Southern an exclusive option (the "Option") for a period of one year to purchase an easement for a road upon and over the property of RTLR Farms as shown on Drawing No. RD-2021-38 dated December 10, 2021, which was attached to the Option Agreement and expressly made a part thereof (the "Easement"). The Option Agreement provides for a Purchase Price of $6,000 for the Easement. A true and accurate copy of the Option Agreement is attached hereto as Exhibit A.

11.

By its express terms, the Option Agreement did not limit the duration of the Easement, and the attached Drawing No. RD-2021-38 expressly stated that the Easement was to be a "Permanent IngressEgress Easement" over the property of defendant RTLR Farms.

12.

By letter dated January 28, 2022, delivered via UPS Next Day Delivery, Norfolk Southern notified defendant RTLR Farms of its election to exercise the Option. The notice further stated that, after surveying was completed, defendant RTLR Farms would be contacted to schedule a closing of the sale. A true and accurate copy of the letter exercising the Option is attached hereto as Exhibit B.

13.

Paragraph (3) of the Option Agreement provides that, "[u]pon the giving of such notice of exercise as set forth above, the Option shall ripen into a binding Easement Agreement." Thus, when Norfolk Southern gave notice of its exercise of the Option, the Option became a binding contractual obligation of defendant RTLR Farms to convey the Easement.

14.

The required surveying for the Easement was done by MerrittPaul Land Surveying, LLC. Attached hereto as Exhibit C are true and accurate copies of the survey dated July 25, 2022 and the legal description for the Easement.

15.

Paragraph (7) of the Option Agreement provides that, "[Norfolk Southern] may assign [Norfolk Southern's] interest herein to any … corporation, before or after exercise of the Option." On August 11, 2022, Norfolk Southern and plaintiff GS&F executed an Assignment

and Assumption Agreement pursuant to which Norfolk Southern assigned to plaintiff GS&F its rights under the Option Agreement/Easement Agreement.  A true and accurate copy of the Assignment and Assumption Agreement is attached hereto as Exhibit D.

16.

Following the assignment, plaintiff GS&F, through its counsel, prepared the necessary documents for the closing of the purchase of the Easement and scheduled the closing to take place on August 16, 2022, at 11:00 a.m. at the law offices of Lawson, Reid & Dean, LLC located at 601 East 14th Avenue in Cordele, Georgia.

17.

Attached hereto collectively as Exhibit E are the following closing documents prepared on behalf of plaintiff GS&F for the purchase of the Easement and forwarded to Lawson, Reid & Dean for the handling of the closing:

(a) Access Easement Agreement;

(b) Settlement Statement;

(c) Agreement to Cooperate;

(d) Affidavit of Seller's Residence;

(e) Owner's Affidavit and Non-Foreign Certificate and Request for Taxpayer Identification Number;

(f) Gap Indemnity Agreement;

(g) Certificate of Company Resolution and Incumbency;

(h) Trust account check in the amount of $6,000 payable to RTLR Farms, Inc.; and

(i) Trust account check payable to Lawson, Reid & Dean, LLC in the amount of $250 for handling the closing.

18.

On August 16, 2022, the president of defendant RTLR Farms, Raford P. Rogers, appeared at Lawson, Reid & Dean for the closing.  After reviewing the closing documents, Mr. Rogers refused to complete the sale and, in effect, informed a representative of Lawson, Reid & Dean that RTLR Farms would not convey the Easement for a duration beyond two years.

19.

On August 25, 2022, Mr. Raford was contacted by a representative of GS&F/Norfolk Southern.  At that time, Mr. Raford reiterated that defendant RTLR Farms would not convey the Easement but would allow access for a "couple of years" only, leaving plaintiff GS&F with no recourse but to commence this action seeking specific performance of defendant RTLR Farms' contractual obligations.

20.

Defendant RTLR Farms has breached its obligations under the Option Agreement/Easement Agreement by failing and refusing to close the sale of the Easement.

21.

Plaintiff GS&F has performed all requirements and obligations of the Option Agreement/Easement Agreement imposed on it in a timely and proper manner, and remains ready, willing and able to purchase the Easement from defendant RTLR Farms.

22.

Specific performance of defendant RTLR Farms' contractual obligation to convey the Easement according to the terms of the Option Agreement/Easement Agreement is needed in order to allow plaintiff GS&F to complete the Project.  Because the sale of land is involved in this transaction, plaintiff GS&F has no adequate remedy at law, and an award of damages would

not adequately compensate GS&F for the consequences of defendant RTLR Farms' nonperformance. Therefore, defendant RTLR Farms should be ordered to specifically perform its contractual obligations by executing the closing documents to convey the Easement in accordance with the Easement Agreement.

## COUNT II

## DAMAGES FOR BREACH OF CONTRACT

23.

Plaintiff GS&F incorporates by reference herein paragraphs 1-22 of its complaint.

24.

Defendant RTLR Farms has breached its contractual obligations to plaintiff GS&F.

25.

Plaintiff GS&F is therefore entitled to recover its damages incurred to date and in the future on account of defendant RTLR Farms' breach as shown by the evidence.

## COUNT III

## REASONABLE ATTORNEYS' FEES AND EXPENSES OF LITIGATION

26.

Plaintiff GS&F incorporates by reference herein paragraphs 1-25 of its complaint.

27.

Pursuant to O.C.G.A. § 13-6-11, reasonable attorneys' fees and expenses of litigation can be recovered by the plaintiff where "the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense."

28.

Pursuant to said statute, plaintiff GS&F is entitled to recover its reasonable attorneys' fees and expenses of litigation due to the failure and refusal of defendant RTLR Farms to comply with its clear contractual obligations, thus necessitating the filing of this action.

WHEREFORE, plaintiff Georgia Southern & Florida Railway Company prays for the following:

(a) that under Count I, the Court order defendant RTLR Farms to specifically perform its contractual obligation to convey the Easement to plaintiff GS&F and to execute such documents as required to complete the transaction;

(b) that under Count II, plaintiff GS&F recover its damages incurred for defendant RTLR Farms' breach of contract;

(c) that under Count III, plaintiff GS&F recover its reasonable attorneys' fees and expenses of litigation from defendant RTLR Farms for bringing this action;

(d) that all costs of this action be taxed against defendant; and

(e) that plaintiff GS&F have such other and further relief as may be just and proper.

This 6th day of September, 2022.

/s/ J. Steven Stewart
J. STEVEN STEWART
Georgia Bar No. 618550
LEE M. GILLIS, JR.
Georgia Bar No. 271515

*Attorneys for plaintiff Georgia Southern & Florida Railway Company*

HALL, BLOCH, GARLAND & MEYER, LLP
P.O. Box 5088
Macon, Georgia 31208-5088
Ph:   (478) 745-1625
Fax:  (478) 741-8822
stevestewart@hbgm.com
LGillis@hbgm.com